IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **JEFF AND JODY JENNINGS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *versus* | ) | Case No. CJ-2014-41 |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | **FILED** |
| **COMPANY, JOE MCADAMS INSURANCE** | ) | |
| **AGENCY, INC., and BRYAN WRIGHT,** | ) | MAY 19 2014 |
| | ) | |
| Defendants. | ) | CHRISTIE PITTMAN, Court Clerk |
| | | By _____ Deputy |

## PETITION

**COMES NOW** the Plaintiff, JEFF AND JODY JENNINGS (hereinafter "Plaintiffs"), and for their causes of action against Defendants, STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter collectively referred to as "STATE FARM"), JOE MCADAMS INSURANCE AGENCY, INC. (hereinafter "JOE MCADAMS INS. AGENCY"), and BRYAN WRIGHT (hereinafter "WRIGHT") hereby states as follows:

## STATEMENT OF FACTS

1.  Plaintiffs are residents of Davis, Murray County, Oklahoma. Plaintiffs have an insurable interest in the property located at 8485 Primrose Ln., Davis, Oklahoma 73030.

2.  Defendant, STATE FARM, is a corporation incorporated under the laws of the State of Illinois, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3.  Defendant, JOE MCADAMS INS. AGENCY, is an insurance agency incorporated under the laws of the State of Oklahoma, having its principal place of business in Oklahoma.

1



4.      Defendant, WRIGHT, upon information and belief, is licensed as an insurance adjuster in the state of Oklahoma. WRIGHT's adjuster license number in the State of Oklahoma is #0100134474.  This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiffs' claim.  This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5.      Plaintiffs entered into a contract for insurance with Defendant, STATE FARM to provide coverage for its property and its contents.  Plaintiffs' insured property is located in Murray County, Oklahoma.

6.      Plaintiffs purchased the policy of insurance through the offices of Defendant, JOE MCADAMS INS. AGENCY.  At the time Plaintiffs purchased the policy of insurance with Defendant STATE FARM, the Defendant JOE MCADAMS INS. AGENCY was an agent and/or an ostensible agent of Defendant STATE FARM.

7.      Defendant, JOE MCADAMS INS. AGENCY, was familiar with Plaintiffs and has served as Plaintiffs' primary insurance agent for his insurance needs.  Defendant, STATE FARM, advised Plaintiffs of the need to maintain replacement cost coverage on the property.

8.      Plaintiffs relied on Defendant, JOE MCADAMS INS. AGENCY's representations and purchased the same.  Plaintiffs trusted and believed Defendant, JOE MCADAMS INS. AGENCY had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

9.      Thereafter Defendant, STATE FARM, issued the Homeowners policy of insurance, Policy No. 36-C3-9876-5, to the Plaintiffs.

2

10.    Defendant, STATE FARM, represented to the Plaintiffs, directly and through their agent, Defendant, JOE MCADAMS INS. AGENCY, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiffs relied on said representations.

11.    On or about May 20, 2013, the property insured by Plaintiffs under the subject insurance policy was severely damaged as a direct result of a wind/hailstorm.

12.    Plaintiffs timely and properly submitted a claim to Defendant, STATE FARM, for the property damage incurred due to the wind/hailstorm.

13.    Defendant, STATE FARM confirmed that the cause of Plaintiffs' property damage claim was due to wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, STATE FARM. Defendant, STATE FARM assigned a claim number of 36-21J5-900.

## STATUTORY AUTHORITY

14.    This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, STATE FARM, alleges as follows:

16.    Plaintiffs entered into a contract for insurance with Defendant, STATE FARM, to provide coverage for the dwelling and personal property.

17.    At all times material hereto, the policy of insurance, Policy No. 36-C3-9876-5,

3

was in full force and effect.

18.  Plaintiffs provided timely and proper notice of thier claim of property damage resultant from the May 20, 2013 wind/hailstorm.

19.  Plaintiffs have complied with the terms and conditions and all conditions precedent under the policy of insurance.

20.  This notwithstanding, the Defendant, STATE FARM, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits owed.

21.  As a result of the Defendant, STATE FARM's breach of contract the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

22.  The conduct of Defendant, STATE FARM, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION
## BAD FAITH

23.  Plaintiffs adopt and incorporate by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants, STATE FARM, and WRIGHT, (sometimes referred to hereafter as the "DEFENDANTS"). alleges as follows:

24.  Defendants, STATE FARM, and WRIGHT, owed a duty to Plaintiffs to deal faily and act in good faith.

25.  Defendants, STATE FARM, and WRIGHT, breached their duty to deal fairly and

4

act in good faith by engaging in the following acts and/or omissions:

a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 20, 2013 wind/hailstorm in accordance with the terms and conditions of the insurance poilcy.

b. Failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of the insurance policy

c. Reducing the fair amount of Plaintiffs' claims unfairly and without a valid basis.

d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiffs under the terms and conditions of the insurance policy.

e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim.

f. Forcing Plaintiffs to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

g. Failing to conduct a fair and objective investigation of the damage to Plaintiffs' property.

h. Intentionally engaging in an outcome oriented investigation.

i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-saving mechanism.

26.     Defendants, STATE FARM'S and WRIGHT'S obligations to the Plaintiffs arise from both express written terms under the insurance policy and under the

5

Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27. Defendants, STATE FARM'S and WRIGHT'S failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28. Defendants, STATE FARM'S and WRIGHT'S conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

29. As a direct and proximate result of Defendants, STATE FARM'S and WRIGHT'S unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid.  Said actions resulted in additional profits and a financial windfall to Defendant, STATE FARM.

30. As a result of the Defendants, STATE FARM'S and WRIGHT'S conduct the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31. The conduct of Defendants, STATE FARM, and WRIGHT was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32. Plaintiffs further alleges Defendant, STATE FARM enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## THIRD CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

33. Plaintiffs adopt and incorporate by reference paragraphs 1 through 32 above as if

6

fully plead herein, and for further claims against the Defendants alleges as follows:

34. Due to the unequal bargaining power between Plaintiffs and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiffs were most vulberable, a special relationship akin to that of a fiduciary duty exists between Plaintiffs and Defendants.

35. As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insureds.

36. A fiduciary duty existed between Plaintiffs and Defendant, JOE MCADAMS INS. AGENCY. The overwhelming influence of Defendant, JOE MCADAMS INS. AGENCY over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, and Defendant, JOE MCADAMS INS. AGENCY's assurance it could procure the insurance policy Plaintiffs requested creates a fiduciary status.

37. Given the specialized knowledge the Defendant, STATE FARM, possessed with regard to the terms and conditions of the insurance policy, the Defendant, STATE FARM's duty to act reasonably created such a special relationship so as to make the Defendant, STATE FARM, a fiduciary.

38. The Defendants breached their fiduciary duties owed to the Plaintiffs.

39. As a result of Defendants' breach of fiduciary duties, Plaintiffs sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41. Plaintiffs adopt and incorporate by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

42. Defendant, JOE MCADAMS INS. AGENCY, was familiar with Plaintiffs and had been hired as Plaintiffs' primary insurance agent for the property insurance needs. In this capacity, Defendant, JOE MCADAMS INS. AGENCY, advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so that its business dwelling and personal property would be replaced in the event of damage or destruction to their property by a covered loss.

43. Plaintiffs relied upon Defendant, JOE MCADAMS INS. AGENCY's representations and annually purchased the suggested coverage by paying a higher premium each year.

44. Defendant, JOE MCADAMS INS. AGENCY, procured the subject replacement cost policy for Plaintiffs.

45. At all times relevant hereto, the Defendant, JOE MCADAMS INS. AGENCY, was an agent and/or an ostensible agent of Defendant, STATE FARM.

46. Defendant, STATE FARM, owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiffs, and in the notification of insurance coverage options to the Plaintiffs.

8

47.   Defendant, JOE MCADAMS INS. AGENCY, had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

48.   Defendant, JOE MCADAMS INS. AGENCY, breached its duty owed to Plaintiffs and is liable to the Plaintiffs because the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

49.   Defendant JOE MCADAMS INS. AGENCY breached its duty owed to Plaintiffs by:

a.   Procuring an insurance policy that did not serve to actually replace its property and personal property when it was damaged or destroyed by a covered loss.

b.   Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiffs' dwelling.

c.   Failing to inform Plaintiffs of the limitations of the insurance policy procured for Plaintiffs.

50.   Defendant, JOE MCADAMS INS. AGENCY, was negligent and breached its duty owed to Plaintiffs by failing to review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage.

51.   Plaintiffs reasonably believed the insurance policy procured and mainained by Defendant, JOE MCADAMS INS. AGENCY, was in conformity to their agreement with Defendant, JOE MCADAMS INS. AGENCY.

52.   Plaintiffs relied upon Defendant, JOE MCADAMS INS. AGENCY, to procure and maintain appropriate and adequate coverage.

53.   Defendant, JOE MCADAMS INS. AGENCY knew or should have known Plaintiffs relied upon it to procure appropriate and adequate coverage, and it is

9

foreseeable that the failure to procure appropriate and adequate coverage for Plaintiffs could unnecessarily expose Plaintiffs to significant harm, losses and damages.

54.   The Defendant, JOE MCADAMS INS. AGENCY was an agent and/or an ostensible agent of Defendant, STATE FARM, and Defendant, STATE FARM is vicariously liable for the conduct of Defendant, JOE MCADAMS INS. AGENCY.

55.   As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

56.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD AND
## NEGLIGENT MISREPRESENTATION

57.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 56 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

58.   Defendant, JOE MCADAMS INS. AGENCY, had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.

59.   Defendant, JOE MCADAMS INS. AGENCY, breached its duty to Plaintiffs by misrepresenting to Plaintiffs as follows:

a.  That the insurance procured was truly one of "replacement."

b.  That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiffs' property.

c.  That the amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their property in the event it was destroyed by a covered event.

d.  That the insurance policy procurred would comply with Plaintiffs' reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

60.  That as a result of Defendant, JOE MCADAMS INS. AGENCY'S breach of duty, Defendant, JOE MCADAMS INS. AGENCY, gained an advantage to the prejudice and detriment of Plaintiffs.

61.  Defendant, JOE MCADAMS INS. AGENCY, misrepresented the nature of the insurance policy procured for Plaintiffs.

62.  Defendant, JOE MCADAMS INS. AGENCY, misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiffs' business property and personal property.

63.  Defendant, JOE MCADAMS INS. AGENCY, misrepresented the policy was one which was in an amount necessary to replace Plaintiffs' property in the event it was destroyed by a covered event.

64.  Defendant, JOE MCADAMS INS. AGENCY's misrepresentations constitute constructive fraud.

65.  Plaintiffs were induced to accept and purchase the Defendant, STATE FARM,

11

policy of insurance by Defendant, JOE MCADAMS INS. AGENCY'S misrepresentations and constructive fraud.

66. Plaintiffs were misled by Defendant, JOE MCADAMS INS. AGENCY's misrepresentations and constructive fraud.

67. The Defendant, JOE MCADAMS INS. AGENCY, was an agent and/or an ostensible agent of Defendant, STATE FARM for purposes of these misrepresentations, and as such the Defendant, STATE FARM, is vicariously liable for the conduct of Defendant, JOE MCADAMS INS. AGENCY.

68. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69. Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, JOE MCADAMS INS. AGENCY's misrepresentations.

70. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

<u>SIXTH CAUSE OF ACTION</u>
<u>NEGLIGENT UNDERWRITING</u>

71. Plaintiffs adopt and incorporate by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

72. At the time the insurance policy was sold to Plaintiffs, Defendants were obligated

to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiffs' property. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiffs' property as determined at the time the subject policy was written.

73. Thereafter, Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

74. Defendants breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling and/or personal property.

75. Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiffs paid premiums for policy limits that did not accurately reflect the risks insured.

76. Defendants further breached their duties by automatically applying Defendant, STATE FARM's annual inflationary adjustments which were utilized to increase Plaintiffs' policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's valuation at the time.

77. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiffs and

other Oklahoma policyholders.

78.   Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

79.   Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

80.   Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them.  This duty exists to foreseeability of the harm to Plaintiffs which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

81.   Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiffs.

82.   Plaintiffs relied on Defendants to conduct an appropriate underwriting analysis to

ensure and maintain an insurance policy which provided appropriate and adequate coverage.

83.   Defendants breached their duties owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiffs that did not provide appropriate and adequate coverage to Plaintiffs.

84.   As a result of the Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

85.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

86.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 85 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

87.   Plaintiffs brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

88.   At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

89.   Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or

15

obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiffs were consumers of insurance services or products of Defendant, and Plaintiffs would show that Defendant's violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiffs damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

**EIGHTH CAUSE OF ACTION**
**BREACH OF COMMON LAW**
**DUTY OF GOOD FAITH AND FAIR DEALING**

90.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 89 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

91.   Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance

16

contract.

92. Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

93. Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, the Plaintiff prays for judgment against Defendants, STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, JOE MCADAMS INSURANCE AGENCY, INC., and BRYAN WRIGHT, for:

a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject policy of insurance for damage to its dwelling and personal property caused by the May 20, 2013, wind/hail storm, together with interest on all amounts due;

b. Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c. Disgorgement of the increased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d. Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

e. Attorneys' fees, costs and interest, including pre-judgment and post-

judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

***ATTORNEYS FOR PLAINTIFF***

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**